**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS H. SULLIVAN** | : | |
| | : | |
| **VS.** | : | [redacted] 06 156 T |
| | : | |
| **CREDIT COUNSELING CENTERS OF AMERICA** | : | |
| | : | |

**COMPLAINT FOR RELIEF**
**PURSUANT TO 11 U.S.C. §111(e) OF THE BANKRUPTCY CODE**

## I. PRELIMINARY STATEMENT

This proceeding is a companion case to an adversary proceeding simultaneously filed in the Rhode Island Bankruptcy Court which seeks damages against a non profit credit counseling agency. One of the central components of the newly enacted Bankruptcy Reform and Consumer Protection Act ("BAPCPA") requires individuals contemplating the filing of bankruptcy to complete a pre-bankruptcy counseling session with a non profit budget and credit counseling agency. Lists of such agencies which have been approved by the United States Department of Justice ("DOJ") are maintained on the United States Bankruptcy Court websites in each district. Debtors who fail to complete such a course are generally ineligible for the protections afforded under the bankruptcy code. Accordingly, these credit counseling agencies have become the *defacto* gatekeepers for access to the bankruptcy system.

Although the actual damages sustained by the Debtor in the related bankruptcy adversary proceeding may appear to be *deminimus*, the alleged illegal $50.00 fee charged by the Defendant, coupled with the implications of the Defendant's conduct in failing to honor and abide by one of the specific statutory requirements for designation as an "approved" DOJ counseling agency, are

disturbing and troubling at best. Defendant's actions in the within case call into serious question its integrity and effectiveness as a pre-approved credit counseling agency for individuals contemplating bankruptcy protection. Accordingly the Plaintiff seeks redress in this Court for relief authorized under 11 U.S.C. §111(e)

## II. JURISDICTION

1. This proceeding is instituted pursuant to the exclusive grant of jurisdiction to the District Court under 11 U.S.C. §111(e) of the bankruptcy code.

2. Venue in this District is proper under 28 U.S.C. §1391 (b) and (c) because Defendant is actively engaged in business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. §1391(c).

## III. PARTIES

3. The Plaintiff, Thomas H. Sullivan, is a 44 year old single disabled male who resides in Newport Rhode Island. The Plaintiff receives total monthly income of $1003 from social security disability payments and has been diagnosed with Major Depressive Disorder. He is unable to work and has a difficult time meetings his basic living expenses as they become due.

4. Defendant Credit Counseling Centers of America ("Defendant" or "CCCA") is a Texas corporation which has sufficient minimum contacts with the State of Rhode Island so as to render it subject to the personal jurisdiction of this Honorable Court. The Defendant has been approved by the DOJ under11 U.S.C. §111(a) for the District of Rhode Island.

5. In order to receive approval by the DOJ to act as an approved credit counseling agency under BAPCPA, Defendant had to establish that it:

(a) had a board of directors the majority of which are not employed by CCCA and

who will not directly or indirectly benefit financially from the outcome of the counseling services provided by such agency;[1]
(b) would provide full disclosures to a client, including funding sources, counselor qualifications, possible impact on credit reports, and any costs of such program that will be paid by such client and how such costs will be paid;[2]
(c) would provide adequate counseling with respect to client credit problems;[3]
(d) would deal responsibly and effectively with other matters relating to the quality, effectiveness, and financial security of the services it provides;[4] and
(e) post a bond with the Executive Office of the United States Trustee.

## IV. FACTUAL ALLEGATIONS

6. The Plaintiff filed a voluntary Chapter 7 petition in the Rhode Island Bankruptcy Court on January 13, 2006.

7. The Plaintiff did not pay any legal fees for representation having qualified under the income and assets guidelines for representation by a participating attorney of the Rhode Island Bar Association Volunteer Lawyer program.

8. The Plaintiff did not have to pay a filing fee to the Clerk of the Bankruptcy Court as said fee was waived per order of the Bankruptcy Court allowing the Debtor to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1930(f).

9. 11 U.S.C. §109(h)(1) states that an individual may not be a debtor under this title unless that individual has, during the 180-day period preceding the date of filing of the bankruptcy petition, received from an approved nonprofit budget and credit counseling agency a

---

[1] 11 U.S.C. §111(c)(2)(A).

[2] 11 U.S.C. §111(c)(2)(D).

[3] 11 U.S.C. §111(c)(2)(E).

[4] 11 U.S.C. §111(c)(1).

briefing outlining the opportunities for available credit counseling and assisting the individual in performing a related budget analysis.

10. 11 U.S.C. §111(c)(2)(B) states that if a fee is charged for the said credit counseling briefing services, the budget and counseling agency must charge a reasonable fee and "provide services without regard to ability to pay the fee."

11. In anticipation of filing a Chapter 7 bankruptcy petition, the Plaintiff endeavored to receive the credit counseling briefing as described in paragraph ten (10) from the Defendant, an approved non-profit budget and credit counseling agency as described in 11 U.S.C. §111(a).

12. Unable to afford the $50.00 fee quoted for the counseling and certificate, Plaintiff requested that the Defendant waive the fee which, upon information and belief, is routinely done by other DOJ approved non-profit budget and credit counseling agencies.

13. The Plaintiff was clearly entitled to a waiver of the fee as a recipient of disability income.

14. Despite this information, Defendant's representative stated that CCCA would not waive the fee and further stated that "everyone is required to pay the fee regardless of ability to pay the fee".

15. Plaintiff paid the $50.00 fee to Defendant and completed the required briefing that outlined the opportunities for available credit counseling and a related budget analysis.

16. Said payment caused the Plaintiff undue hardship.

17. The Plaintiff has filed an adversary proceeding in the Bankruptcy Court seeking return of the $50.00 and other damages authorized by statute.

## V. CAUSE OF ACTION

18. The Plaintiff incorporates the allegations contained in paragraphs 1-17 above.

19. Defendant's actions in as described above violated 11 U.S.C. §111 (c)(2)(B).

20. The Defendant's actions referenced above were done willfully and/or negligently.

21. Defendant's actions in violating the above-described statute require the District Court to investigate the qualifications of the Defendant to determine if it should remain eligible as a pre-approved counselor for individuals seeking bankruptcy protection in Rhode Island.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court grant the relief of the Plaintiff requested herein and investigate the qualifications of the Defendant as a pre approved non profit budget and credit counseling agency and request production of documents to ensure the integrity and effectiveness of said Defendant and if appropriate enter an order removing the Defendant from the list of pre approved bankruptcy counselors for the District of Rhode Island;

B. That he be awarded costs and a reasonable attorney's fee for the prosecution of this action;

C. That Plaintiff be awarded such other and further relief as the Court deems just.

**THOMAS H. SULLIVAN**
**BY CLAUDE LEFEBVRE**
**CHRISTOPHER LEFEBVRE, P.C.**

**Christopher M. Lefebvre #4019**
**P.O. Box 479**
**Pawtucket, RI 02862**
**Tel. (401) 728-6060**
**Fax. (401) 728-6534**